UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KELLER,

    Plaintiff,

v.

CUMMINGS INC., THE INTERNATIONAL
SIGN SERVICE d/b/a CUMMINGS SIGNS,

    Defendant
_____/

Case No. 08-10264

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE [13]**

On December 10, 2007, Plaintiff John Keller filed a complaint against Defendant in Livingston County Circuit Court, alleging state-law claims of (1) breach of contract, (2) unjust enrichment, and (3) age discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2101, *et. seq.* Defendant subsequently removed the matter here, asserting diversity jurisdiction. This matter comes before the Court on Defendant's motion for transfer of venue brought pursuant to 28 U.S.C. § 1404. For the reasons set forth below, Defendant's motion is DENIED.

**I. Standard of Review**

To obtain a transfer of venue, the moving party has the burden of showing "that the balance of convenience…*strongly* favor[s] it." *Comshare, Inc. v. Execucom Systems Corp.*, 593 F. Supp. 981, 985 (E.D. Mich. 1984) (emphasis added). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

1

have been brought." (28 U.S.C. § 1404(a)). The district court deciding a § 1404(a) motion to transfer "has broad discretion to grant or deny" that motion. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quote and citation omitted). The Court must determine whether (1) "the action could have been brought in the proposed transferee district," (2) "a transfer would promote the interests of justice," and (3) "a transfer would serve the parties' and witnesses' convenience." *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F. Supp.2d 943, 946 (E.D. Mich. 2003). It is the moving party's burden to show that § 1404(a)'s requirements are satisfied. *Id.*

The factors guiding the Court's decision as to transfer include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relevant relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded Plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp.2d 809, 811 (E.D. Mich. 2000) (internal quote and citation omitted).

**II. Analysis**

    **A. The Action Could Have Been Brought in Tennessee**

In a diversity action, venue is proper in "a judicial district where any defendant resides…[or] judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a) (2000). Because Defendant's principal place of business is in Nashville, Tennessee, this case could have been brought in the Middle District of Tennessee—the judicial district in which Defendant reside. *See Perceptron v. Silicon Video, Inc.*, 423 F. Supp.2d 722, 729 (E.D. Mich. 2006).

## B. Governing Law Does Not Favor Tennessee

### 1. Choice of Law

In making choice of law determinations, a federal court sitting in diversity must apply the choice of law provisions of the forum state in which it is sitting. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941).

As the Sixth Circuit recently observed:

> "The predominant view in Michigan has been that a contract is to be construed according to the law of the place where the contract was entered into." *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 528 N.W.2d 698, 702 (1995) (footnote omitted). However, that rule changed when the Michigan Supreme Court noted that "[t]he trend in this Court has been to move away from traditional choice-of-law conceptions toward a more policy-centered approach." *Id.* (footnote omitted). In *Chrysler*, the Michigan Supreme Court endorsed the approach found in the Restatement (Second) of Conflict of Laws; therefore, Michigan courts, "balance the expectations of the parties to a contract with the interests of the states involved to determine which state's law to apply." *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 705 (6th Cir. 2002) (quotation marks omitted) (quoting *Equitable Life Assurance Soc'y of the U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998)). According to the Restatement approach:
>
>> In the absence of an effective choice of law by the parties…, the contacts to be taken into account…to determine the law applicable to an issue include:
>> (a) the place of contracting,
>> (b) the place of negotiation of the contract,
>> (c) the place of performance,
>> (d) the location of the subject matter of the contract, and
>> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
>
> Restatement (Second) of Conflict of Laws § 188(2) (1971).

*Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 302 (6th Cir. 2008). This suit alleges a breach of contract claim. As to (a) through (d) above, there are material disputes. As to (e) above, Defendant is domiciled in Tennessee and Plaintiff is domiciled in Michigan.

3

The parties here dispute where the contract for commissions was negotiated. Defendant claims that the contract was negotiated in Tennessee while Plaintiff asserts it was negotiated while he was residing in Arizona. (Def.'s Mot. at 3; Pl.'s Resp., Ex. A, Keller Aff. ¶ 7.) The parties also dispute the place of performance. Defendant asserts that Plaintiff received payment for his work in a bank account residing in Tennessee, thus arguing that Tennessee law applies. (Def.'s Mot. at 7.) Plaintiff, on the other hand, asserts that he performed services that generated commissions while in Michigan.

Although the parties dispute the place of negotiation, contracting, performance, and what law applies, this is not a concern for either this Court or the transferee court. The federal court is often called upon to apply the law of the various states within the Sixth Circuit. Even if, as Defendant argues, Tennessee's contract law should apply to Defendant's breach of contract claim, Michigan law will apply to Plaintiff's age discrimination claim brought under Michigan's Elliott-Larsen Civil Rights Act. As observed by the Sixth Circuit, however, "[f]or analytical purposes, Michigan's Elliott-Larsen Civil Rights Act resembles federal law, and the same evidentiary burdens prevail as in ADEA cases." *Simpson v. Midland-Ross Corp.*, 823 F.2d 937, 940 (6th Cir. 1987). Accordingly, the law governing Plaintiff's claims do not favor Tennessee.

### C. Convenience Factors and Plaintiff's Forum Choice

#### 1. Parties' Convenience

Adjudicating this case in the Eastern District of Michigan is more convenient for Plaintiff, and the Middle District of Tennessee is more convenient for Defendant. "A transfer is not appropriate if the result is simply to shift the inconvenience from one party

4

to another." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F.Supp.2d 1014, 1023 (E.D. Mich. 2002). Thus, the Court considers the convenience of the witnesses.

### 2. Witnesses' Convenience

Defendant argues that Tennessee is the more convenient forum because, besides Plaintiff, all material witnesses reside in the Middle District of Tennessee, including five of Defendant's employees. (Def.'s Reply at 3.) Plaintiff counters that, besides his wife, who resides with him in Michigan, many of the material witnesses reside in California as they are employed by Chevron/Texaco. (Pl.'s Resp. at 10.) Thus, Plaintiff argues, the burden on those witnesses would not change if this case was transferred to Tennessee. (*Id.*) Neither party explains the relative importance of these witnesses besides noting that they are important. When faced with a question of transfer of venue, the Court "*may* examine facts outside the complaint but *must* draw all reasonable inferences and resolve factual conflicts in favor of Plaintiff." *Audi AG & Volkswagen of Am., Inc.*, 204 F. Supp. 2d at 1016 (emphasis added). Moreover, the Court must accord weight to Plaintiff's choice of forum. *Comshare, Inc.*, 593 F. Supp. at 985. With this in mind, this factor weighs against transfer.

### 3. Convenience of Obtaining Documents

Defendant asserts that "*all* pertinent documentary evidence is located in the Middle District of Tennessee." (Def.'s Mot. at 3.) (emphasis added). Conversely, Plaintiff states that, "the *majority* of the pertinent documentary evidence Plaintiff is currently aware of in this case is either located in Plaintiff's residence/home office in Michigan…or at Chevron/Texaco offices in California." (Pl.'s Resp. at 5.) (emphasis added). As to the location of documents and the ability to make those documents

available, Plaintiff rightfully recognizes that "given today's technology of document copying and production, this factor definitely does not provide a significant basis to transfer this action." (Pl. Resp. at 11.)  Thus, this factor also weighs against transfer.

**III. Conclusion**

For the foregoing reasons, Defendant's motion to transfer venue is DENIED.


s/Nancy G. Edmunds

Nancy G. Edmunds

United States District Judge


Dated:  June 12, 2008


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 12, 2008, by electronic and/or ordinary mail.


s/Carol A. Hemeyer

Case Manager